NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In the Matter of                              :    Case No. 12-35856/JHW

Armand W. and Michele M. Berardi   :
                                              **OPINION**
    Debtors                            :
_____

APPEARANCES:   Nicholas S. Herron, Esq.
               Law Office of Seymour Wasserstrum
               205 Landis Avenue
               Vineland, New Jersey 08360
               Counsel for the Debtors


The Chapter 13 debtors seek here to expunge a proof of claim filed on behalf of an alleged assignee of credit card debt owed by one of the debtors. The debtors contend that the claim is unenforceable under state law because there is no evidence of a clear assignment attached to the proof of claim and no proof that notice was given to the debtors of the purported assignment. Because the proof of claim meets all filing requirements and is entitled to a presumption of validity, and because the debtors have failed to produce any evidence to rebut the presumption, the debtors' motion to expunge is denied.


## FACTS

Armand W. and Michele M. Berardi filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code on October 25, 2012. Among their unsecured debts, the debtors listed on Schedule F a consumer debt owed by

Michele Berardi to "Applied Bank" in the amount of $1,508.  On January 29, 2013, an order was entered allowing the debtors to convert their case to Chapter 13.  The debtors confirmed a Chapter 13 plan on September 11, 2013 that requires them to pay $300 a month for 60 months to cover counsel fees and to provide a pro rata dividend to unsecured creditors.

On February 5, 2013, Quantum3 Group LLC, as agent for MOMA Funding LLC, filed a proof of claim, asserting an unsecured claim in the amount of $1,508.13 against debtor Michele Berardi.  In Box 3a on the proof of claim, Quantum3 noted that the debtor may have listed the debt as being due to "Applied Card Systems" and explained in an addendum, as required by Box 7 and by recently revised Rule 3001(c)(3), that the assignor was Applied Card Systems and that MOMA Funding was the assignee.  A copy of the purported assignment was not attached to the proof of claim and no other supporting documents were provided.

On June 11, 2013, the debtors filed this motion to expunge the proof of claim filed by Quantum3.  The debtors contend that Quantum3 lacks standing to assert a claim against the debtor under New Jersey state law, which they contend requires, to be enforceable, both a clear assignment that evidences the debt and notice to the debtor of the assignment.  They contend that the creditor has failed to establish either requirement.  The debtors cite to and disagree with this court's previous decision on similar facts in In re Lafferty,

2

wherein we determined that New Jersey law does not require that notice be provided to the cardholder of an assignment of a credit card account in order for the assignment to be enforceable.  See In re Lafferty, No. 11-27292/JHW, 2012 WL 6645729 (Bankr. D.N.J. Dec. 19, 2012).  Neither Quantum3 nor MOMA Funding LLC filed a responsive pleading.

## DISCUSSION

In a Chapter 7 or Chapter 13 case, after the debtors have filed their bankruptcy petition and schedules, their creditors are afforded 90 days from the date first set for the 341(a) meeting of creditors within which to file a proof of claim in support of their claim.  FED.R.BANKR.P. 3002(c); 11 U.S.C. § 501(a). If a creditor completes and files a proof of claim in conformance with the requirements outlined in Rule 3001, the proof of claim will constitute "prima facie evidence of the validity and amount of the claim." FED.R.BANKR.P. 3001(f). Each proof of claim is automatically deemed allowed upon filing, unless a party in interest, such as the trustee or the debtor, objects.  11 U.S.C. § 502(a).  If an objection is filed, the court will address the matter after notice and a hearing. 11 U.S.C. § 502(b).  "[A] proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim." In re Lampe, 665 F.3d 506, 514 (3d Cir. 2011) (citing to In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

However, "the claimant always has the burden of persuasion in a contested proceeding." Id.

Among the statutory grounds for disallowance of a claim is that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The debtors assert that the claim allegedly assigned herein is unenforceable under New Jersey law, raising essentially the same arguments that were overruled in In re Lafferty. The debtors ask that we revisit that decision and revise our earlier conclusions.

In Lafferty, the debtors sought to expunge a proof of claim filed by a post-petition assignee of credit card debt. In re Lafferty, No. 11-27292/JHW, 2012 WL 6645729 (Bankr. D.N.J. Dec. 19, 2012). The debtors did not challenge the validity of the underlying debt, but rather disputed the assignee's standing to file a proof of claim in support of that debt. It was the debtors' position that the assignee failed to provide sufficient documentation of the assignment, and that the assignment did not comply with New Jersey noticing requirements. The assignee of the claim, eCAST, filed a proof of claim, with supplements detailing the debtor's account summary, providing affidavits from both the assignor and assignee acknowledging the assignment, and including copies of the debtor's credit card monthly activity reports.

As I explained in Lafferty, Rule 3001(e)(1) was amended in 1991 to remove the requirement that if a claim has been transferred after the petition is filed but before a proof of claim is filed, the proof of claim must be supported by a statement of consideration or the reason for the claimant's failure to produce one. The Advisory Committee Note accompanying the amendment stated that "[i]f a claim has been transferred prior to the filing of a proof of claim, there is no need to state the consideration for the transfer or to submit other evidence of the transfer." FED.R.BANKR.P. 3001(e) Advisory Committee Note (1991). I noted the split in the case law on the question of whether and to what extent the assignee must provide documentation supporting the existence of an assignment to establish a prima facie case. In light of the evidence produced in Lafferty, I was able to readily conclude that a valid assignment to eCAST had occurred.

In Lafferty, I also noted that effective December 1, 2012, an amendment to Rule 3001(c) adding new subsection (c)(3) directly addressed the filing requirements for open-ended or revolving consumer credit agreements. "After the 2012 amendment, the focus of the claimant's obligation under the rule [3001] . . . shifted from the attachment of documents to the disclosure of particular information regarding the credit card account that the drafters of the Rule deemed most pertinent in the assessment by the debtor (or trustee) of the validity or proper amount of the claim." In re Umstead, 490 B.R. 186, 195 (Bankr. E.D.Pa. 2013). This new section requires claimants to disclose the

5

name of the party that they purchased the claim from, the name of the entity that the debt was owed to at the time of the last transaction, the date of the last payment and transaction, and the date when the account was finally charged off. FED.R.BANKR.P. 3001(c)(3)(A). Pursuant to subsection (c)(3)(B), a claimant is only required to provide a copy of the credit agreement upon "written request". The Advisory Committee Note provides that "[t]o the extent that paragraph (3) applies to a claim, paragraph (1) of subdivision (c) [requiring a copy of the writing] is not applicable." FED.R.BANKR.P. 3001 Advisory Committee Note (2012). The Committee recognized that credit card accounts are frequently "sold one or more times prior to the debtor's bankruptcy [and that] the debtor may not recognize the name of the person filing the proof of claim." Id. The new disclosure requirement was intended to "assist the debtor in associating the claim with a known account." Id. "A proof of claim executed and filed in accordance with subparagraph (A), as well as the applicable provisions of subdivisions (a), (b), (c)(2), and (e), constitutes prima facie evidence of the validity and amount of the claim under subdivision (f)." Id.

As Judge Frank noted in Ulmstead, "[a]t the same time that Rule 3001(c), as amended, has imposed the new disclosure obligations on holders of open-end credit accounts described above in lieu of the former 'document-attachment' requirement, it has de-emphasized the 'assignment history'

requirement that some courts have imposed under the prior version of the rule."[1]  490 B.R. at 195-96.  As amended, Rule 3001

> requires only disclosure of the identities of the original creditor and the entity that transferred the account to the claimant.  If there were multiple transfers of the account, the rule does not mandate a comprehensive disclosure of the identities of the intermediate transferors and transferees.  In short, under the amended rule, a proof of claim without a complete description of the chain of title may be entitled to prima facie evidentiary effect, if the disclosure satisfy[ies] Rule 3001(c)(3)(A)(i)–(v).

Id. at 196.

In this case, the debtors' bankruptcy case was pending at the time that the amendment to Rule 3001 became effective on December 1, 2012, and Quantum3 filed its proof of claim after the rule's effective date.  When it filed its proof of claim, Quantum3 utilized the newly modified version of Official Form B10, as revised in December 2012.  On this record, I can readily conclude that both the rule and the Official Form as amended are applicable in this case.  "'Courts generally apply amendments to procedural rules retroactively to the maximum extent possible' if the proceeding at issue was 'then pending' when the amendments took effect and if applying the amendment would be 'just and practicable.'"  In re Crutchfield, 492 B.R. 60, 68 (Bankr. M.D.Ga. 2013) (quoting Michel v. U.S., 519 F.3d 1267, 1271 (11th Cir. 2008)).  Applying Rule 3001 as amended "promotes the goals of an efficient claims allowance process

---

[1]  The debtors discount any reliance upon the Ulmstead decision because in their opinion the court failed to consider state law in its decision.

that minimizes economic burdens on the creditor without in any way limiting the debtor's ability to challenge a claim for any of the substantive bases enumerated in § 502(b)." Id. I conclude that the revised rule and official form are applicable here.

As required by the revised rule, the Quantum3 appropriately disclosed that:

(1) Applied Card Systems is the name of the entity from whom MOMA Funding LLC purchased the account. Quantum3 serves as an agent for MOMA Funding;

(2) Applied Card Systems is the name of the entity to whom the debt was owed at the time of the last transaction on the account;

(3) April 30, 2008 was the date of the last transaction;

(4) January 1, 1980[2] was the date of the last payment made on the account; and

(5) April 30, 2008 was the charge off date.

The claimant also included an itemized statement of the principal, interest, fees and costs applicable to the account as required by Rule 3001(c)(2)(A). As well, the claimant revealed the last 4 digits of the account number, the debtor's name and the last 4 digits of her SSN, and the date that the account was opened. In short, the claimant provided all of the information that is required under Rule 3001, as revised. Although the last payment date is obviously in

---

[2] It appears that January 1, 1980 was written in error, in light of the fact that the account was opened on August 24, 2007.

8

error, I can readily determine that enough information has been provided to substantially comply with the rule and afford enough information to allow the debtors to identify the debt. In re Crutchfield, 492 B.R. 60, 73 (Bankr. M.D.Ga. 2013) ("Although none of the proofs of claim provide 100 percent of the information required by Rule 3001(c)(3), the missing information does not affect the ability of Debtor to match the claim to a known and acknowledged debt."). In this case, the names of the card issuer, Applied Bank and Applied Card Systems, are similar enough to put the debtor on notice, and the amount scheduled by the debtors, $1,508, and the amount in the proof of claim, $1,508.13, are practically identical. The proof of claim constitutes prima facie evidence of the validity and amount of the claim. FED.R.BANKR.P. 3001(f).

As noted above, where the prima facie validity of the claim is established, the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim. In re Lampe, 665 F.3d 506, 514 (3d Cir. 2011). As to the sufficiency of the evidence required to be presented by the objector, the Third Circuit has reflected that

> the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

In re Allegheny Intern, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted).

Here, the objectors have sought to place at issue the status of the purported assignee as owner of the right to payment, contending that the failure to provide proof of any clear assignment, or chain of assignments, dooms the claim to expungement.  However, the objectors have provided no evidence to refute the assignment of the claim, as represented in the proof of claim.  Nor have the objectors availed themselves of the opportunity provided in the amended rule to request proof of the assignment from the assignee. Paragraph (c)(1) of the subdivision provides:

> Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

FED.R.BANKR.P. 3001(c)(1).  For purposes of this paragraph, a proof of claim filed by an assignee is "based", in part, on the assignment.  In re O'Brien, 440 B.R. 654, 662 (Bankr. E.D.Pa 2010).  If an objector to a proof of claim based on an open-end or revolving consumer credit agreement seeks to challenge the enforceability of the assignment, the objector may require the assignee to provide a copy of the assignment.  The relevant new paragraph provides:

> On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of a writing specified in paragraph (1) of this subdivision.

FED.R.BANKR.P. 3001(c)(3)(B).  Here, the objectors have offered no evidence to support their challenge, and have not requested a copy of the assignment from the holder of the claim.  The objection cannot be sustained.

The debtors' further challenge to the validity of the assignment under state law, based on their contention that New Jersey law requires notice to be given to a debtor of any assignment before a valid assignment of that interest can exist, must also fail on the same ground.  Even if the debtors are correct that notice of the assignment to the debtors is required, a proposition I disagreed with in Lafferty, the debtors have produced no facts to establish that the debtors failed to receive such notice.  In the absence of any evidence to negate the prima facie validity of the filed claim, the objection must fail.

Debtors' counsel shall submit an order in conformance with this opinion.


Dated:   November 20, 2013                      _____
                                                JUDITH H. WIZMUR
                                                JUDGE, U.S. BANKRUPTCY COURT

11